1  SILVANO B. MARCHESI (SBN 42965)
   County Counsel
2  BERNARD KNAPP (SBN 111720)
   Deputy County Counsel
3  COUNTY OF CONTRA COSTA
   651 Pine Street, 9th Floor
4  Martinez, California 94553
   Telephone: (925) 335-1800
5  Facsimile: (925) 335-1866
   email: bknap@cc.cccounty.us
6
   Attorneys for Defendant
7  CITY OF OAKLEY

8

9                          UNITED STATES DISTRICT COURT

10                        NORTHERN DISTRICT OF CALIFORNIA

11

12

13  LIONEL BRACKINS III,                  No. C 07 - 4643 PJH (PR)

14              Plaintiff                 DEFENDANT CITY OF OAKLEY'S
                                          ANSWER TO COMPLAINT
15     v.

16  Sergeant JAMES HARBISON; Officers
    JAMES LAMBERT, J. SOLOMON, I.
17  JONES; CITY OF OAKLEY; OAKLEY
    POLICE, COUNTY OF CONTRA
18  COSTA,

19              Defendants.

20

21      Defendant CITY OF OAKLEY ("City") for itself and for its improperly named

22  subordinate department, the Oakley Police Department ("City"), answers plaintiff's complaint

23  filed in this action("complaint") as follows:

24      1. Answering "Part I" of the complaint, relating to exhaustion of administrative

25  remedies, the City denies the allegation that its police department "has no grievance system."

26  As to each and every remaining allegation of said Part, the City lacks sufficient information on

27  which to form a belief as to the truth or falsity of said allegations, and on that basis denies each

28  and every said allegation.

DEFENDANT CITY OF OAKLEY'S ANSWER TO COMPLAINT – C 07 - 4643 PJH (PR)

1

2. Answering "Part II" of the complaint, the City admits the plaintiff in this action is Lionel Brackins III, and further admits as follows:

a) On May 13, 2007, plaintiff was lawfully arrested by Contra Costa County Sheriff's Office peace officers acting as members of the City of Oakley Police Department.

b) In the course of said arrest, plaintiff attacked said peace officers and resisted arrest and lawful commands to surrender and stop resisting, and said officers were required to use reasonable force to subdue plaintiff, defend themselves, and overcome his resistance, including the use of hand strikes and the assistance of a trained police dog. The City specifically denies that any unreasonable or unnecessary force was used at any time in connection with the arrest, and further specifically denies plaintiff's allegation that he did not resist the arrest.

c) Named defendants Harbison, Jones, Lambert, and Solomon were present during all or part of the time when plaintiff was arrested.

Further answering said "Part II" of the complaint, except as specifically admitted and denied above, the City denies each and every allegation of said Part II.

3. As to each and every remaining allegation of the complaint not answered above in this answer, defendants and each of them deny each and every such remaining allegation.

## AFFIRMATIVE DEFENSES

1. The City alleges plaintiff's action is barred, wholly or in part, by applicable limitation provisions, including but not limited to sections 335.1 and/or 340 of the California Code of Civil Procedure.

2. The City alleges that any and all of the acts or omissions alleged against it in the complaint are the acts and omissions of agencies and officers of the State of California acting in their official capacities, and that the City is therefore immune from suit for damages under the 11th Amendment to the United States Constitution.

3. The City alleges the injury, if any, to plaintiff as alleged in the complaint was solely caused by the exercise of prosecutorial discretion, and it is therefore absolutely immune from suit.

4. The City alleges plaintiff has failed to mitigate his damages, and said damages are reduced or eliminated in proportion to said failure to mitigate.

DEFENDANT CITY OF OAKLEY'S ANSWER TO COMPLAINT – C 07 - 4643 PJH (PR)

5. The City alleges plaintiff has failed to exhaust administrative remedies, and his claims are barred thereby.

6. The City alleges plaintiff's action is barred by the equitable doctrines of laches, estoppel, and waiver, in that plaintiff has unreasonably delayed in taking action and/or making the claims alleged in this lawsuit with respect to the events alleged in the amended complaint, even though he knew or should have known in the exercise of reasonable diligence of the injuries and causes of injuries alleged in the amended complaint.

7. The City alleges that at all relevant times and in connection with all the allegations against it in the amended complaint, plaintiff acted unjustly and inequitably, and his action against said defendants is therefore barred by the doctrine of unclean hands.

8. The City alleges that there is an unresolved criminal action, known as *People v. Lionel Brackins,* pending in the California Superior Court of Contra Costa County, in which plaintiff is the defendant, arising out of the same transactions and occurrences alleged in complaint herein, and that the proceedings in this action will interfere with substantial state interests, and for that reason, this court should abstain from proceeding in this action and it should be dismissed.

WHEREFORE, the City prays the action against it be dismissed, and for an award to it of its costs, reasonable litigation expenses, and attorney fees, and for all other relief justice requires and the law allows.

## JURY TRIAL DEMAND

The City hereby demands trial by jury in this action.

DATED: June 13, 2008
SILVANO B. MARCHESI
COUNTY COUNSEL

By:_____
BERNARD KNAPP
Deputy County Counsel
Attorneys for Defendant
CITY OF OAKLEY

DEFENDANT CITY OF OAKLEY'S ANSWER TO COMPLAINT – C 07 - 4643 PJH (PR)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case 3:07-cv-04643-PJH     Document 10     Filed 06/13/2008     Page 4 of 4

DEFENDANT CITY OF OAKLEY'S ANSWER TO COMPLAINT –  C 07 - 4643 PJH (PR)

4